# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-24-00041-CR

---

Trenton James Adams,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
443rd District Court of Ellis County, Texas
Hon. Cynthia Ermatinger, presiding
Trial Court Cause No. 47273CR

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

A jury convicted Trenton James Adams of capital murder.  *See* TEX. PENAL CODE ANN. § 19.03(a)(2).  The trial court assessed his punishment at life in prison without parole.  In his sole issue on appeal, Adams contends that the trial court erred by denying his request for a jury charge instruction on the affirmative defense of insanity.  We affirm.

Adams and his friend, Jordan von Hoffman, were remodeling a trailer in Ellis County, Texas where Adams planned to live with his girlfriend. In March of 2021, von Hoffman's body was found in a shed behind the trailer, wrapped in a tarp and packed inside of a barrel. He had been hogtied and his clothes had been cut off of his body. The medical examiner determined von Hoffman's cause of death to be homicidal violence through a combination of blunt force injuries and neck compression. Adams was charged with capital murder for intentionally causing von Hoffman's death in the course of committing or attempting to commit the offense of kidnapping. *See id.*

Prior to trial, Adams filed notice of his intent to raise the affirmative defense of insanity. *See* TEX. CODE CRIM. PROC. ANN. art. 46C.051. At the charge conference, the State objected to the inclusion of an insanity defense instruction in the jury charge.[1] Defense counsel argued that the instruction should be included in the charge because evidence was presented that Adams had family history of mental illness, was prescribed medication for psychosis both before and after the offense, and was acting irrationally both before and after the offense. The trial court denied the requested instruction, finding that

---

[1] It appears from the discussion on the record that a preliminary version of the charge was prepared prior to the charge conference that included an insanity defense instruction. A copy of this version of the charge is not in the record.

"there is no evidence in the record to even suggest that […] Trenton Adams did not know right from wrong at the time he committed the offense."

AUTHORITY

"A defendant is entitled to an instruction on [a defensive issue] if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001). We review a trial court's decision not to include a defensive issue in the jury charge for an abuse of discretion and view the evidence in the light most favorable to the requested instruction. *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000); *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

The affirmative defense of insanity is found in Section 8.01 of the Texas Penal Code, which provides:

> It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong.

TEX. PENAL CODE ANN. § 8.01(a). The issue of a defendant's insanity must be submitted to the jury only if the issue is supported by competent evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 46C.151(a).

DISCUSSION

The parties agree that the record contains some evidence that Adams suffered from a mental disease or defect. At trial, Adams called as witnesses several family members, one of his grandparents' neighbors, and psychologist Dr. William Flynn in support of his insanity defense. Dr. Flynn did not personally interview Adams or perform an insanity evaluation on him, but he reviewed some of Adams's medical records. Dr. Flynn testified that according to the medical records, Adams had been prescribed medication for psychosis in 2016 and 2017. After he arrived at the Ellis County Jail in July of 2021, Adams requested multiple times to see a doctor because he was having suicidal thoughts and hearing a voice called "James." He was eventually diagnosed with unspecified anxiety disorder and schizoaffective disorder and was prescribed medication for psychosis. Several family members testified to Adams's family history of severe mental illness and his own bizarre behavior, including two incidents about a week and a half before the murder. In one instance, on March 11, 2021, Adams showed up at his uncle's place of work acting angry and irrational. In another instance, Adams knocked on the door of one of his grandparents' neighbor's, whom he had never spoken with, and began nonsensically yelling.

While an insanity defense requires proof of a mental disease or defect, the issue of insanity is not strictly medical. *See Bigby v. State*, 892 S.W.2d 864, 877 (Tex. Crim. App. 1994); *Graham v. State*, 566 S.W.2d 941, 949 (Tex. Crim. App. 1978). It also contains a legal or ethical component that requires evidence that the defendant did not know his conduct was wrong due to his mental disease or defect. *See Bigby,* 892 S.W.2d at 877-78. Adams points to one of his many proffered motives for murdering von Hoffman – namely, that he killed von Hoffman for allegedly molesting his girlfriend's child – to argue that he did not understand his conduct was wrong because "due to his mental disease or defect, [he] believed he was morally justified in committing the offense[.]"

However, in the context of an insanity defense, the term "wrong" refers to the defendant's understanding of the legality of his actions, not the morality of his actions. *See Ruffin v. State*, 270 S.W.3d 586, 592 (Tex. Crim. App. 2008). In other words, "the question for deciding insanity is this: Does the defendant factually know that society considers this conduct against the law, even though the defendant, due to his mental disease or defect, may think that the conduct is morally justified?" *Id.* Thus, even if Adams thought he was morally justified in murdering von Hoffman, an insanity defense was raised only if the record contains some evidence that, due to his mental disease or defect, Adams did not understand that murdering von Hoffman was against the law.

The record contains several possible motives and explanations for von Hoffman's murder, including that Adams murdered von Hoffman in retaliation for allegedly molesting a child, or as part of a ritualistic blood sacrifice, or possibly as revenge for Adams's girlfriend allegedly cheating on him with von Hoffman. Adams also once claimed that he was forced to dispose of von Hoffman's body after the cartel committed the murder in retribution for Adams failing to timely repay a debt. In none of these explanations does Adams indicate that he did not know that his conduct was illegal. None of Adams's witnesses at trial provided testimony demonstrating that his mental disease or defect prevented him from understanding that society considered his conduct against the law. Dr. Flynn expressly declined to offer any opinion on whether Adams was insane at the time of the offense.

Adams points to no evidence in the record, nor do we find any, suggesting that he did not understand that murdering von Hoffman was illegal. It was for this very reason that the trial court refused to submit the insanity defense instruction to the jury. We conclude that the trial court did not abuse its discretion by refusing to include an insanity defense instruction in the jury charge because the defensive issue was not raised by the evidence. Accordingly, we overrule Adams's sole issue on appeal.

## Conclusion

Having overruled Adams's sole issue on appeal, we affirm the judgment of the trial court.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  June 26, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
Do not publish
CRPM

